**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

THE MILLTOWN-FORD AVENUE
REDEVELOPMENT AGENCY,

          Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

          Defendants.

Civil Action No. 19-21494 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants SB Building Associates, L.P.; SB Milltown Industrial Realty Holdings, LLC; and Alsol Corporation's (collectively, the "SB Milltown Defendants") Motion to Remand this matter to the Superior Court of New Jersey, Middlesex County, Law Division. (ECF No. 5.) Defendants the United States of America, and its component agency, the Environmental Protection Agency (collectively, the "United States") opposed the Motion (ECF No. 13), and the SB Milltown Defendants replied (ECF No. 16). Defendants Cherry Tree Property, LLC; Sass Muni IV, LLC; Sass Muni V, LLC; and Sass Muni VI, LLC (collectively, the "Sass Defendants") filed a partial opposition to the Motion (ECF No. 15), to which the SB Milltown Defendants did not respond. Plaintiff Milltown-Ford Avenue Redevelopment Agency ("Plaintiff") did not respond to the Motion. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the SB Milltown Defendants' Motion to Remand is denied.

## I.     BACKGROUND

This case arises from a condemnation action (the "Condemnation Action") taken by Plaintiff against real property positioned within a proposed redevelopment area located on Ford Avenue in Milltown, New Jersey (the "Property"). (State Ct. Compl. ¶¶ 4–6, ECF No. 1-2.) The Property is "approximately 23 acres of land which were formerly used for industrial and commercial purposes as a Michelin Tire factory." (Certification of Anthony DellaPelle ("DellaPelle Cert.") ¶ 1, ECF No. 5.)[1] On or about February 11, 2013, prior to the initiation of the Condemnation Action, SB Building Associates, L.P., filed for voluntary Chapter 11 bankruptcy protection. (*Id.* ¶¶ 4–5.)[2]

On November 22, 2019, Plaintiff filed a complaint in the Superior Court of New Jersey (the "State Court Complaint") seeking, *inter alia*, a declaration of its authority to acquire the Property and an order appointing commissioners to fix the compensation to be paid for its acquisition, in accordance with the New Jersey Eminent Domain Act of 1971 ("NJEDA"), N.J. Stat. Ann. §§ 20:3-1, *et seq.* (State Ct. Compl. ¶¶ 19(A), (C).) The State Court Complaint identified, *inter alia*, the United States, by virtue of a federal lien, and the Sass Defendants as parties having an interest in the proceeding, and identified the SB Milltown Defendants as owners of the Property. (*Id.* ¶¶ 16, 17; *see also* DellaPelle Cert. ¶ 1.) On November 25, 2019, the Superior Court of New Jersey issued an Order to Show Cause (the "State OTSC"), returnable on

---

[1] The Court notes that the DellaPelle Certification is not attached as an exhibit or an attachment to the SB Milltown Defendants' Motion to Remand but instead is included in a single filing. The Court's citations to the DellaPelle Certification, therefore, refer to pages 22–28 of ECF No. 5.

[2] The SB Milltown Defendants are currently party to three pending Chapter 11 bankruptcy matters, captioned *In re: SB Building Associates Limited Partnership, SB Milltown Industrial Realty Holdings, LLC, and Alsol Corporation,* Nos. 13-12682, 13-12685, 13-12689 (Bankr. D.N.J.) (collectively, the "Bankruptcy Action"). (DellaPelle Cert. ¶¶ 4–5.)

2

December 23, 2019, "at which time any party could be heard in objection to . . . [P]laintiff's right to condemn." (DellaPelle Cert. ¶ 3.) On December 2, 2019, the State OTSC was adjourned to January 24, 2020. (*Id.*)

On December 17, 2019, the Honorable Vincent F. Papalia, U.S.B.J., issued an order authorizing the SB Milltown Defendants to retain counsel for the Condemnation Action. (*Id.* ¶¶ 4–5.) The United States timely removed this action to this Court on December 18, 2019, pursuant to 28 U.S.C. § 1444. (Notice of Removal, ECF No. 1.)

## II.   PARTIES' POSITIONS

### A.   SB Milltown Defendants and the United States

The SB Milltown Defendants argue that "multiple independent grounds to remand this case" exist. (SB Moving Br. 4, ECF No. 5.) First, the SB Milltown Defendants assert that "the interests of the [United States] have already been resolved by virtue of a binding settlement agreement [(the "Settlement Agreement")] which makes removal improper and unnecessary pursuant to 28 U.S.C. [§] 2410(e)."[3] (*Id.*) Second, SB Milltown Defendants contend that "removal would be inequitable and thus improper pursuant to 28 U.S.C. [§] 1452(b)" because (a) the Bankruptcy Action is still pending, (b) the Property is the SB Milltown Defendants' sole asset, and (c) any reorganization plan will require a taking or sale of the Property as a means to satisfy the claims of the SB Milltown Defendants' creditors, including the United States. (*Id.*) Additionally,

---

[3] This section reads, "[w]henever any person has a lien upon any real or personal property, duly recorded in the jurisdiction in which the property is located, and a junior lien, other than a tax lien, in favor of the United States attaches to such property, such person may make a written request to the officer charged with the administration of the laws in respect of which the lien of the United States arises, to have the same extinguished. If after appropriate investigation, it appears to such officer that the proceeds from the sale of the property would be insufficient to wholly or partly satisfy the lien of the United States, or that the claim of the United States has been satisfied or by lapse of time or otherwise has become unenforceable, such officer may issue a certificate releasing the property from such lien." 28 U.S.C. § 2410(e).

3

they argue that because the action at hand is against the Property *in rem* and no federal question exists, the United States does not have a basis for removal under 28 U.S.C. § 1441(a). (*Id.* at 9.) The SB Milltown Defendants further assert that "removal is inappropriate because [they] intend[] to assert defenses to . . . [P]laintiff's exercise of eminent domain which, under New Jersey state law, could result in dismissal of the Condemnation Action, in which event the pending action may be dismissed as premature." (*Id.* at 4.) Finally, the SB Milltown Defendants aver that the United States was required to gain the consent of all defendants before removing to federal district court, and that it failed to do so. (*Id.* at 13.)[4]

In opposition, the United States asserts that it has an "absolute right" to remove state court condemnation actions to district court under 28 U.S.C. § 1444, and that such a right "is a condition precedent [to] the waiver of sovereign immunity found in [28 U.S.C.] § 2410(a)." (U.S. Opp'n Br. 5, ECF No. 13.) Indeed, the United States cites to opinions from other Circuits and Districts wherein courts have said exactly that. (*Id.* at 6–7.) Additionally, the United States characterizes the Settlement Agreement mentioned by the SB Milltown Defendants as a "tentative" agreement and notes that it is still "awaiting approval." (*Id.* at 8; *see also* Settlement Agreement Document, Ex. D to Mot., ECF No. 5.)[5] The United States notes that there is currently a motion pending in the Bankruptcy Action to appoint a Chapter 11 trustee that, pursuant to the terms of the proposed Settlement Agreement, would render the Agreement "null and void." (U.S. Opp'n Br. 2; Settlement Agreement Document ¶ 9.) The Settlement Agreement further provides that "all parties

---

[4] The SB Milltown Defendants also seek an award of attorneys' fees and costs in the event that their Motion is granted but present no argument and cite to no legal authority in support of their request. (SB Moving Br. 14.)

[5] As mentioned in n.1, *supra*, the SB Milltown Defendants did not attach exhibits to their Motion as separate attachments, and instead filed a single document. The Settlement Agreement Document appears on pages 51–61 of ECF No. 5.

4

will have the option to withdraw from [the] Agreement" if a reorganization plan is not confirmed prior to January 1, 2018. (Settlement Agreement Document ¶ 10.) No such reorganization plan has yet been confirmed. The United States also highlights that the Settlement Agreement explicitly contemplates a future condemnation action. (U.S. Opp'n Br. 4; Settlement Agreement Document ¶¶ 12–13.) Finally, within the Settlement Agreement, the United States notes that "there is no reference to any party's waiver of any right to remove the action or otherwise participate in the condemnation proceedings—much less a clear and unequivocal waiver." (U.S. Opp'n Br. 4.) The United States also argues that the language of § 1444 does not require the United States obtain the consent of other defendants prior to removal and that the SB Milltown Defendants misapply the unanimous consent rule of 28 U.S.C. § 1441. (*Id.* at 17.)

On reply, the SB Milltown Defendants argue that while parties *may* withdraw from the Settlement Agreement, the United States has not done so. (SB Reply Br. 2, ECF No. 16.) They also note that the terms of the Settlement Agreement are "binding in all state and federal forums, including in any subsequent bankruptcy, foreclosure, or condemnation proceedings." (*Id.*; Settlement Agreement Document ¶ 12.) The SB Milltown Defendants conclude that unless the United States is signaling their intent "to withdraw and cancel the Settlement Agreement, or to object to the SB Milltown [D]efendants' Chapter 11 bankruptcy reorganization plan, there is simply no reason why removal would serve or otherwise facilitate the protection or advancement of the [United States'] interests." (SB Reply Br. 3.)

### B.   The Sass Defendants

The Sass Defendants "solely oppose the Motion to the extent [the] SB Milltown [Defendants] argue[] . . . that the Settlement Agreement contains or constitutes a waiver of a lienholder's right to participate in this condemnation proceeding and contest the value of the

5

condemned property." (Sass Opp'n Br. 1, ECF No. 15.) As to the Settlement Agreement, the Sass Defendants note that it is "only a tentative agreement," it has not been approved by the Bankruptcy Court, and that "arguably the parties thereto are no longer bound thereby" because a reorganization plan was not confirmed prior to January 1, 2018. (*Id.* at 1 n.3.)

## III.   LEGAL STANDARD

Under 28 U.S.C. § 2410, the United States may be named a party in civil actions "in any [s]tate court having jurisdiction . . . to condemn . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). "Any action brought under [28 U.S.C. § 2410] against the United States in any [s]tate court may be removed by the United States to the district court . . . for the district and division in which the action is pending." 28 U.S.C. § 1444. "A defendant . . . desiring to remove any civil action from a [s]tate court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a).

"In this Circuit, removal statutes are strictly construed against removal and any doubts are resolved in favor of remand." *Englewood Hosp. & Med. Ctr. v. Aftra Health Fund*, No. 06-0637, 2006 WL 3675261, at *2 (D.N.J. Dec 12, 2006) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "[R]emoval jurisdiction, when challenged by motion to remand, must be clearly demonstrated; and if there are significant doubts about its propriety, those doubts must be resolved against removal." *New Jersey v. Moriarity*, 268 F. Supp. 546, 554 (D.N.J. 1967) (citation omitted). "[I]t is the [removing] defendant's burden to show the existence of federal jurisdiction." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 540 (1939)).

## IV.   DISCUSSION

It is settled law that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)) (internal quotation omitted). Indeed, "[i]t is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

As pertaining to the instant dispute, 28 U.S.C. § 2410 reads, in relevant part:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to condemn . . . real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(4). Section 1444 states that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444.

"Section 1444 gives the United States a substantive right to remove, independent of any other jurisdictional limitations." *Leathers v. Leathers*, 856 F.3d 729, 750 (10th Cir. 2017) (internal quotation omitted). "Courts considering a motion to remand a case which has been removed by the United States pursuant to 28 U.S.C. §§ 1444 and 2410 have held uniformly that because the right of removal of the United States is absolute, a motion to remand the case to state court is due to be denied." *Troglen v. Capital One Bank, N.A.*, No. 09-1516, 2010 WL 11617981, at *3 (N.D.

7

Ala. Mar. 12, 2010) (collecting cases); *see also Leathers*, 856 F.3d at 750; *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105 (1st Cir. 2007) (holding that § 1444 "confers upon the federal government an absolute right to remove to federal court interpleader actions in which it is named as a defendant"); *U.S. Bank v. Rathka*, No. 16-715, 2016 WL 3000901, at *1 n.2 (M.D. Fla. May 25, 2016) ("The United States' right of removal [under § 1444] is absolute and the ordinary rule that all other defendants join in removal does not apply."); *Hamlin v. Hamlin*, 237 F. Supp. 299, 300 (N.D. Miss. 1964) ("The plain language of [§ 2410 and § 1444] makes it clear that the United States has an absolute right to remove this action to this [district] court."); *Vincent v. P.R. Matthews Co.*, 126 F. Supp. 102, 105 (N.D.N.Y. 1954) (holding that the United States' waiver of sovereign immunity under § 2410 "is granted under the condition prescribed in Section 1444, which gives the United States the unqualified option to remove such an action to the district court . . . [i]t follows, therefore, that there is no basis upon which this court can remand the case over the objection of the United States").

Here, the United States is a party to the Condemnation Action "by virtue of a judgment lien" and "by virtue of [a] federal lien (CERCLA)[6]." (State Ct. Compl. ¶¶ 16(g), (r), (aa).) Because the United States has a lien against the Property, § 2410(a)'s waiver of sovereign immunity is implicated. As courts have uniformly held, such a waiver is conditioned on the absolute right of removal found in § 1444. Critically, the SB Milltown Defendants fail to cite to even a single case where a court remanded a case that had been removed pursuant to § 1444. (*See generally* SB Moving Br.; *see generally* SB Reply Br.)

---

[6] The Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601–9675.

The SB Milltown Defendants argument that the Settlement Agreement already protects the interests of the United States and, therefore, the United States need not remove the action to federal court to protect those interests, is similarly unavailing. Section 1444 is not predicated on a showing that the United States is protecting an endangered interest. Rather, when the United States is named a defendant, it provides an "unqualified option to remove such an action to the district court." *Vincent*, 126 F. Supp. at 105. Moreover, the Settlement Agreement is merely a tentative agreement that has never been approved by the Bankruptcy Court and the plain text of this tentative agreement does not portend to waive the right of the United States to remove this action.

Finally, the SB Milltown Defendants' arguments that this Court should remand this matter on equitable grounds are also unconvincing. Once again, the SB Milltown Defendants fail to cite to a single case, removed pursuant to § 1444, wherein a court conducted an equitable analysis on a motion to remand. Nor do the SB Milltown Defendants present compelling arguments as to why the Court should do so here. Their three arguments in support of equitable remand—(1) the Settlement Agreement constitutes a waiver of the right to removal, (2) there is no federal question to endow this Court with jurisdiction, and (3) that removal was improper because the United States failed to get to the consent of the other Defendants prior to removal—are unpersuasive. First, as discussed above, the Court finds that the tentative Settlement Agreement does not constitute a waiver. Second, this Court's jurisdiction is not premised on the existence of a federal question, but on § 1444 itself, which "gives the United States a substantive right to remove, independent of any other jurisdictional limitations." *Leathers*, 856 F.3d at 750. Finally, the United States is not required to gain the consent of the other Defendants prior to removing under § 1444. *See, e.g., Rathka*, 2016 WL 3000901, at *1 n.2.

Because the United States right of removal under § 1444 is absolute and because the SB Milltown Defendants have failed to present a compelling argument why this right should be abrogated, their Motion to Remand is denied.

## V. CONCLUSION

For the reasons set forth above, the SB Milltown Defendants' Motion to Remand is denied. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: August 27, 2020