UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE MILLTOWN-FORD AVENUE REDEVELOPMENT AGENCY,<br><br>Plaintiff,<br><br>-v.-<br><br>SB BUILDING ASSOCIATES, L.P., *et al*.,<br><br>Defendants. | 3:19 Civ. 21494<br><br>**MEMORANDUM OPINION** |

CHERYL ANN KRAUSE, Circuit Judge, sitting by designation.

Defendants' motion to compel filing of a declaration of taking and deposit of just compensation (Dkt. #47), was reassigned to this Court on March 17, 2022 for the limited purpose of resolving the pending motion (Dkt. #103). After careful review of the parties' submissions (*see* Dkt. #47, 51, 52), Defendants' motion will be denied.

Defendants' motion to compel a declaration of taking, brought pursuant to N.J.S.A. 20:3-25 is precluded by Federal Rule of Civil Procedure 71.1, which provides that eminent domain proceedings in federal court are governed exclusively by the Federal Rules of Civil Procedure, not by state procedural rules. *Tenn. Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237, 249 (3d Cir. 2019) ("Rule 71.1 displaces state procedural law in this condemnation proceeding."); *see also* Dkt. #39 ("This matter shall proceed in accordance with the provisions of Fed. R. Civ. P. 71.1(k) and under New Jersey state substantive law . . . . Nothing herein shall be construed to provide for the application of any state procedural law or rules."). In contrast to New Jersey law, Rule 71.1 does not provide Defendants with the procedural vehicle to compel

Plaintiff to file a declaration of taking within six months of initiating eminent domain proceedings. *See* Fed. R. Civ. P. 71.1. Thus, by the terms of Rule 71.1 itself, and the terms of the parties' agreement, Rule 71.1 controls. (Dkt. #39).

Defendants' conclusory argument that N.J.S.A 20:3-25 nevertheless applies because it is substantive is unpersuasive. (*See* Reply Br. 2–3). Although "[t]he line between procedural and substantive law is hazy," *Erie R. Co. v. Thompkins*, 304 U.S. 64, 92 (1938),[1] the Supreme Court has instructed us that a procedural rule typically "governs only the manner and the means by which the litigants' rights are enforced," while a substantive rule alters "the rules of decision by which [the] court will adjudicate [Defendants'] rights," *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (quotation omitted) (plurality opinion).

There may be rules that at first glance appear procedural but, on closer inspection, "defin[e] the scope of substantive rights or remedies," and thus are properly considered substantive. *Id.* at 420 (Stevens, J., concurring). In addressing statutes of limitations, for example, the Third Circuit observed that though such rules function as procedural cut-offs, they are in fact substantive because they are "outcome-determinative," may "allow an action to proceed in federal court which would be time-barred in state court," and could "penalize the non-citizen defendant" for invoking federal jurisdiction. *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 166 (3d Cir. 1976).

---

[1] While the Court is guided by *Erie* and its progeny in analyzing the line between substance and procedure, the *Erie* doctrine itself does not apply because the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1444. *See Erie*, 304 U.S. at 71–72.

N.J.S.A. 20:3-25, however, does not function as a statute of limitations or implicate any of the interests associated with substantive rules. It is not outcome determinative, as declining to apply it in federal court does not open courthouse doors that would be closed in state court. It does not penalize, but rather benefits, non-citizen defendants. And it does not define "the scope of substantive rights or remedies." *Shady Grove*, 559 U.S. at 442. Instead, in establishing a vehicle for landowners to speed up eminent domain proceedings, N.J.S.A. 20:3-25 "governs only the manner and the means by which the litigants' rights are enforced" and does not alter "the rules of decision by which [the] court will adjudicate [Defendants'] rights" under New Jersey's eminent domain law. *Shady Grove*, 559 U.S. at 407; *see Monmouth County v. Wissell*, 68 N.J. 35, 39 (1975) (explaining that New Jersey's eminent domain laws were adopted to establish "uniform *practice and procedure* for the exercise of the power of eminent domain").

In sum, because the New Jersey rule is procedural and conflicts with Rule 71.1 by establishing an alternative timeline for motion practice in an eminent domain case, and because Rule 71.1 itself confirms that it provides the exclusive procedural rules for eminent domain proceedings in federal court, Defendants' motion to compel compliance with N.J.S.A. 20:3-25 must be denied. *See Shady Grove*, 559 U.S. at 436; *accord Hanna v. Plummer*, 380 U.S. 460, 463–64 (1965).

The Court will enter an Order consistent with this Memorandum Opinion.

Dated:   April 4, 2022

_____
CHERYL ANN KRAUSE
United States Circuit Judge
