<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THE MILLTOWN-FORD AVENUE REDEVELOPMENT AGENCY**, a body corporate and politic of the State of New Jersey,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, *et. al.*,<br><br>Defendants. | Civil Action No. 19-21494 (ZNQ) (DEA)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss the Condemnation Action ("the Motion", ECF No. 102) filed by Defendants SB Building Associates L.P., SB Milltown Industrial Realty Holdings, LLC, and Alsol Corp. (collectively, "SB Defendants").[1] SB Defendants filed a brief in support of the Motion. ("Moving Br.", ECF No. 102-1.) Plaintiff The Milltown-Ford Avenue Redevelopment Agency ("the Redevelopment Agency" or "Plaintiff") opposed the Motion ("Opp'n Br.", ECF No. 104), and SB Defendants replied ("Reply Br.", ECF No. 110). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure[2] 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY the Motion.

---

[1] While Defendants fail to cite to an applicable rule to bring the instant Motion, the Court notes that Federal Rule of Civil Procedure 71.1 (i)(1) governs dismissal of condemnation actions.
[2] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.

1

I.  **PROCEDURAL AND FACTUAL BACKGROUND**

On November 22, 2019, the Redevelopment Agency filed a Verified Complaint in Condemnation with the Superior Court of New Jersey, Middlesex County ("Middlesex County" or "the County"), seeking to acquire fee simple title to approximately 22 acres of property owned by SB Building Associates, Industry Realty Holdings, and Alsol located in Milltown, New Jersey ("the Subject Property") by eminent domain. ("Compl.", ECF No. 1-2.) On December 18, 2019, the United States of America, a party to the condemnation action, filed a Notice of Removal with the District Court of New Jersey. (ECF No. 1.)

The Condemnation Action is based on the 2002 Redevelopment Plan enacted by the Borough of Milltown which provided for a Redevelopment Project ("2002 Redevelopment Plan"). Plaintiff was required to acquire the Subject Property to implement the 2002 Redevelopment Plan. (Compl. ¶¶ 4, 5.) SB Defendants indicate that the 2002 Redevelopment Plan provided that the Redevelopment Agency was required to acquire all 22 acres of the Subject Property by condemnation to accommodate a large-sale mixed-use development comprised of residential and commercial buildings throughout the 22-acre site, with a small portion of the property along Milltown Pond to be conveyed to Middlesex County for limited open/recreational space purposes. (Moving Br. at 2.)

On November 17, 2020 the Court entered a Consent Order authorizing the Redevelopment Agency to exercise its power of eminent domain and appointing three condemnation commissioners ("the Commissioners") pursuant to N.J.S.A. 20:3-12. ("November 17 Consent Order", ECF No. 39.) Specifically, the November 17 Consent Order indicated that a "final judgment [was] entered[,]" and that the Redevelopment Agency was "authorized and [had] duly exercised its power of eminent domain to the [Subject Property][.]" (*Id.* ¶ 1.) The November 17

Consent Order also set the Commissioners' Report to be filed by March 21, 2021 and indicated that the substantive law of eminent domain in New Jersey (N.J.S.A. 20:3-1) applies to this matter. (*Id*. ¶¶ 2, 5.)  The Commissioners conducted Zoom hearings and heard testimony as to the fair market value of SB Milltown's Property.  After multiple extension requests, the Court extended the Commissioner's Report deadline to August 16, 2021.  (ECF No. 42.)  The Redevelopment Agency and Condemnees filed appeals from the Commissioners' Report.  (ECF Nos. 73, 74, 76, 78.)

On June 11, 2020, SB Defendants filed a Motion to Compel the filing of the Declaration of Taking and Deposit of Just Compensation.  (ECF No. 47.)

On August 2, 2021, the Redevelopment Agency submitted a proposed Declaration of Taking and Order for Payment into Court.  (ECF No. 55.)  The SB Defendants objected to the Declaration of Taking and Proposed Order, indicating that "[a]llowing plaintiff to only deposit $1,750,000.00 under the pretext that it would comply with the statutory requirement that an estimate of just compensation be posted as a condition to the actual transfer of title to the property, will violate the property owners' rights under the Eminent Domain Act, and both the Constitution of the United States and the state of New Jersey[.]"  (ECF No. 59 at 2.)

On July 26, 2021, the Redevelopment Agency, the Borough of Milltown, Milltown Ford Avenue Redevelopers (the "Redeveloper"), and Middlesex County, entered into an agreement in which the Redevelopment Agency agreed to re-sell one-half (11 acres) of SB Milltown's Property to Middlesex County once it was acquired by the Redevelopment Agency through condemnation (the "July 2021 Agreement", ECF No. 102-2 Ex. C).

SB Defendants filed the instant Motion on March 7, 2022 seeking dismissal of the condemnation action.  (See ECF No. 102.)

## II.     LEGAL STANDARD

The power of eminent domain, under which the State may take private property for a public purpose, "is an inherent and a necessary right of the sovereignty of the state." *Valentine v. Lamont*, 13 N.J. 569, 575 (1953).  That power rests with the Legislature.  *State by Comm'r of Transp. v. Township of South Hackensack*, 111 N.J. Super. 534, 543 (App. Div. 1970).  New Jersey's Constitution provides that when the State takes private property for a public purpose, it must pay "just compensation."  N.J. Const. art. I, ¶ 20.

The Eminent Domain Act ("EDA") was enacted in 1971 for the purpose of integrating and standardizing the more than three-hundred statutes authorizing the exercise of eminent domain. *Township of West Windsor v. Nierenberg*, 150 N.J. 111, 126 (1997).  The EDA is not an enabling statute; rather, it provides uniform practices and procedures to be followed by all public entities that have the power to condemn.  *County of Monmouth v. Wissell*, 68 N.J. 35, 39–40 (1975); *Township of Hillsborough v. Robertson*, 260 N.J. Super. 37, 42 (Law Div. 1992).  "Although the power of eminent domain lies with the Legislature, it may delegate the exercise thereof."  *New Jersey Housing & Mtg. Fin. Agency v. Moses*, 215 N.J. Super. 318, 326 (App. Div. 1987).

Under the Local Redevelopment and Housing Law ("LRHL"), a condemning authority must identify the "redevelopment project" for which it wishes to acquire the subject property. N.J.S.A. 40A:12A-1 to -49.  A condemning authority must do more than recite that a parcel it seeks to condemn has some unexplained necessity to the overall redevelopment area or the redevelopment plan.  *Borough of Glassboro v. Grossman*, 457 N.J. Super. 416, 434 (App. Div. 2019).  Rather, "there must be a particular redevelopment project identified and tied to the proposed acquisition."  *Id*. at 435.  Further, the claim of necessity, if challenged, must be justified by a reasonable presentation of supporting proof.  *Id*.; N.J.S.A. 40A:12A-8(c).

4

### III. DISCUSSION

#### A. Whether the Redevelopment Agency has Established a Need to Acquire the Subject Property

SB Defendants first argue that the Redevelopment Agency and the Borough of Milltown, through the July 2021 Agreement, have contractually agreed to abandon the 2002 Redevelopment Plan without agreeing to adopt a new redevelopment plan. (Moving Br. at 9.) SB Defendants contend that adoption of a new plan, after abandoning the first, is necessary for the Redevelopment Agency to take the Subject Property. (*Id*.) SB Defendants argue that the Redevelopment Agency must precisely identify the nature of the redevelopment project relating to the Subject Property, citing to *Borough of Glassboro v. Grossman*, 452 N.J. 416, 424 (App. Div. 2019). (Moving Br. at 10.) SB Defendants maintain that without an adopted redevelopment project in place, the Redevelopment Agency cannot meet its burden to demonstrate that it *needs* to take the Subject Property. (*Id*.)

In opposition, Plaintiff argues the taking is reasonable and needed for the Redevelopment Project involved. (Opp'n Br. at 15.) Plaintiff maintains that it is not seeking to "stockpile land for some indeterminate future use," like in *Glassboro*; but rather, it is acquiring the property for a specific and identified Redevelopment Project. (*Id*. at 16.) Plaintiff maintains that SB Defendants fail to present any evidence that the acquisition is not necessary or any evidence of fraud, bad faith, or manifest abuse of authority, as it would be required to overturn the exercise of eminent domain. (*Id*. at 17.) Further, Plaintiff contends that the July 2021 Agreement in no way "abandons" the 2002 Redevelopment Plan; but rather, the July 2021 Agreement amends the prior plan, as has been done multiple times in the past. (*Id*.)

In reply, SB Defendants reiterate that the redevelopment plan used to initiate the condemnation action is no longer in effect. (Reply Br. at 4.) SB Defendants contend that until

there is a new redevelopment plan in place or an amendment to the existing ordinance is adopted, no redevelopment plan exists under the LRHL as a basis for the condemnation action. (*Id*.)

In New Jersey, a municipality, or designated redevelopment entity, has the right to designate property within its jurisdiction as a "Redevelopment Area" if the area meets certain conditions and those conditions are followed. *Glassboro,* 457 N.J. Super. at 424. Once a municipality has designated a redevelopment area, it must adopt a "redevelopment plan" before moving forward with the eminent domain process. *Id.* (citing N.J.S.A. 40A:12A–7). The adoption of such a plan empowers the municipality, or a redevelopment agency that the municipality creates, to conduct a variety of activities concerning the properties within the redevelopment area. N.J.S.A. 40A:12A–6(c) and 8.19. A governing body's adoption of a redevelopment designation and a redevelopment plan authorizes the municipality or its redevelopment agency to "[a]cquire, by condemnation, any land or building which is necessary for the redevelopment project, pursuant to the provisions of the 'Eminent Domain Act of 1971,' P.L. 1971, c. 361." N.J.S.A. 40A:12A–8(c).

SB Defendants claim that the 2002 Redevelopment Plain was abandoned by way of the 2021 July Agreement between the Redevelopment Agency, the Borough of Milltown, Milltown Ford Avenue Redevelopers. SB Defendants argue that because the Redevelopment Agency abandoned the 2002 Plan, a Redevelopment Plan does not exist, and their basis for condemnation no longer exists. Under N.J.S.A. 20:3-35, the condemning authority has the option to abandon the condemnation proceeding prior to the actual taking. *See Essex County Improvement Authority v. RAR Development Associates*, 323 N.J. Super. 505, 516 (Law Div. 1999). The statute provides two methods of effectuating abandonment: one unilaterally and one by mutual consent. *Id*. Specifically, the statute indicates that

> [a]ny action hereunder may be abandoned at any time before or within 30 days after the filing of the award of commissioners; or in

6

> the event of an appeal from such award, at any time before or within 30 days after the entry of judgment; or in the event that a hearing before commissioners shall have been waived, at any time before or within 30 days after judgment has been entered in said action; provided, however, that no such action shall be abandoned after the filing of a declaration of taking pursuant to Article V hereof, or after the vesting of title in any condemnor pursuant hereto; and provided further, that (a) a discharge of the notice of lis pendens is filed, and (b) the condemnor shall pay the expenses of all condemnees who have appeared in the action. Nothing herein shall preclude abandonment at any time by mutual consent of the parties.

N.J.S.A. 20:3-35.

Nothing within the July 2021 Agreement contains language that the parties intended to abandon the 2002 Redevelopment Plan. Rather, the language contained therein indicates that the parties agreed to amend the Redevelopment Plan. (*See* July 2021 Agreement at 5 ("the Borough *intends to further amend* the Redevelopment Plan" (emphasis added).)

New Jersey courts, in fact, recognize the need for redevelopment agencies to amend its redevelopment plans. *See Glassboro*, 457 N.J. Super. at 433–34 (finding that that due to economic and physical changes over time, redevelopment agencies must retain "a degree of flexibility in deciding which parcels they will need, and for what specific purpose they will need them as the project moves forward.").

The Court entered a Consent Order in November of 2017 designating the Redevelopment Agency to take the Subject Property by way of eminent domain. (See November 2017 Consent Order ¶ 1.)  The Court has already designated Plaintiff with the authority to take the Subject Property. (*See id*.)  The Court has therefore already found that the Redevelopment Agency had the requisite necessity to take and public purpose requirement to condemn the Subject Property. See N.J.S.A. 40A:12A-3.  The rights set forth under the Verified Complaint remain in effect per

the 2002 Redevelopment Plan, as amended, and accordingly, the Court will reject Defendants' argument that the basis for the Development Agency's condemnation no longer exists.[3]

### B. Whether the July 2021 Agreement Violated Middlesex County's Policies or Procedures

SB Defendants next argue that the Redevelopment Agency "may be" violating Middlesex County's policies, procedures, and commitment to acquire property through negotiation rather than condemnation through the County's acquisition of half of the Subject Property. (Moving Br. at 10.) SB Defendants also argue that the County must establish that it is authorized to use its own trust funds for such purposes. (*Id*. at 10–11.)

In opposition, Plaintiff argues that the role of Middlesex County has no effect upon the validity of its authority to exercise the power of eminent domain. (Opp'n Br. at 20.) Plaintiff contends that SB Defendants, in making this argument, fail to site to any statute, case law, or court rule for support. (*Id*. at 20.) Further, Plaintiff asserts that the fact that Middlesex County is contributing to the cost of acquiring the property does not undermine the Redevelopment Agency's exercise of eminent domain. (*Id*. at 21.)

In reply, SB Defendants maintain that Plaintiff has offered no certification from the County denying the "policy or procedure" against exercising its power of eminent domain. (Reply Br. at 9–10.) SB Defendants additionally claim that if its assertions were untrue, that Plaintiff was violating Middlesex County's policies and procedures, "Plaintiff is in the best position to present evidence to that effect from its partner, Middlesex County, the horse's own mouth, so to speak." (*Id*. at 10.) SB Defendants assert that Plaintiff's silence endorses its assertion. (*Id*.) SB Defendants further argue that the Redevelopment Agency is acting as the agent or "strawman" for

---

[3] Because the Court finds the July 2021 Agreement amended the 2002 Redevelopment Plan, it will dismiss Defendants' argument to defer action on the Motion to afford Plaintiff time to adopt or amend the Redevelopment plan as moot. (See Reply Br. at 5.)

the County to acquire half of the Subject Property. (*Id*.) SB Defendants assert that the taking of the 11 acres is being accomplished for someone else other than the Redevelopment Agency and accordingly, the "taking it based on a ruse" and the reasons for the taking are pretextual. (*Id*.)

While SB Defendants argue that the County's acquisition of half of the Subject Property violates the County's policies or procedures, SB Defendants fail to cite to any policy or procedure that Plaintiffs allegedly violated. SB Defendants further fail to cite to any statute or case law that requires the County to establish that it is authorized to use its trust funds in such circumstances. Courts in New Jersey consistently approve agreements between municipalities and third parties whereby the municipality agrees to acquire private property by eminent domain and the third-party finances the costs of the condemnation. *See Township of West Orange v. 769 Associates, L.L.C.*, 172 N.J. 564, 574 (2002); *see also id*. at 576 (citing *Nicrosi v. City of Montgomery*, 406 So. 2d 951, 952 (Ala. Civ. App. 1981) ("That the expense incident to condemnation and the award itself are to be paid by private parties is immaterial when the property . . . being acquired . . . is to be used for a public benefit.")).

Further, as to SB Defendants' argument of pretext, courts will generally not inquire into a public body's motive concerning the necessity of the taking or the amount of property to be appropriated for public use. *Riggs v. Long Beach Tp.*, 109 N.J. 601, 613 (1988). However, the decision to condemn shall not be enforced when there has been a showing of "improper motives, bad faith, or some other consideration amounting to a manifest abuse of the power of eminent domain." *Tennessee Gas Transmission Co. v. Hirschfield*, 39 N.J. Super. 286, 288 (App.Div.1956) (citation omitted).

The Court finds that SB Defendants have presented no evidence that Plaintiff seeks to acquire the Subject Property with an improper motive, in bad faith, or with some other

consideration that would amount to a manifest abuse of the power of eminent domain. In fact, SB Defendants fail to articulate with any specificity what exactly they claim is Plaintiff's alleged pretext for acquisition of the property.

Accordingly, the Court finds that Defendants have failed to demonstrate that Plaintiff and the County violated the County's policies or procedures to warrant dismissal of the Condemnation Action.

## IV.  CONCLUSION

SB Defendants' Motion to Dismiss the Condemnation Action will be DENIED.[4] An appropriate Order will follow.

Date: **February 28, 2023**

> s/ Zahid N. Quraishi
> **ZAHID N. QURAISHI**
> **UNITED STATES DISTRICT JUDGE**

---

[4] Because the Court finds, based on the merits of the Motion, that the Condemnation Action will be denied, it will not address Plaintiff's argument in opposition that Rule 60 applies. (*See* Opp'n Br. at 12.)