## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE MILLTOWN-FORD AVENUE REDEVELOPMENT AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>SB BUILDING ASSOCIATES, L.P., *et al.*,<br><br>Defendants. | Civil Action No. 19-21494 (RK) (RLS)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SINGH, United States Magistrate Judge.

**PRESENTLY** before the Court is a Motion by Defendants SB Building Associates, L.P., SB Milltown Industrial Realty Holdings, LLC, and Alsol Corporation (collectively, "SB Building") seeking to Modify the Final Pretrial Order and to Postpone trial set in this matter (the "Motion to Modify"). (Doc. No. 229). Plaintiff the Milltown-Ford Avenue Redevelopment Agency (the "Agency") opposes the Motion to Modify. (Doc. No. 230).[1] The Court has fully considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and good cause shown, the Court **DENIES** SB Building's Motion to Modify.

---

[1] Defendants Cherry Tree Property, LLC, Sass Muni IV, LLC, Sass Muni V, LLC, and Sass Muni VI, LLC (collectively, "Sass Defendants") support the Motion to Modify, (Doc. No. 231), as do Defendants the United States of America and the Environmental Protection Agency (collectively, the "United States"), (Doc. No. 232).

## I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The parties are familiar with this matter's extensive background and procedural history. Nevertheless, the Court provides the context of the background and procedural history relevant to this Motion.

On December 18, 2019, the United States removed this condemnation proceeding involving a 22.4-acre property owned by SB Building (the "Property") to this Court.[2]  (*See* Doc. No. 1).   As evident from a cursory review of this matter's docket, throughout these past approximately five years, the parties have engaged in extensive discovery and motion practice, as well as proceedings and hearings before condemnation commissioners, which included testimony from the parties' respective experts and resulted in a report as to just compensation on August 12, 2021. (*See* Doc. No. 65).  Following appeals from the commissioners' reports, the then-assigned Magistrate Judge—the Honorable Douglas E. Arpert, U.S.M.J.—entered a series of Case Management Orders, setting deadlines for the identification of experts and the exchange of expert reports, including providing SB Building the opportunity to serve "any new or updated expert reports by May 1, 2022" and the opportunity for the Agency to serve rebuttal reports.  (*See* Doc. Nos. 91, 100. 141).

Over one year ago, on March 9, 2023, Judge Arpert denied SB Building's application to modify the Court's Case Management Order to permit it leave to serve sur-rebuttal expert reports as to certain issues, finding that SB Building failed to show good cause under Federal Rule of Civil Procedure 16. (Doc. No. 148). Judge Arpert specifically found that SB Building sought to address items that "could have, and should have been addressed in accordance with the discovery schedule

---

[2]  The Agency originally filed its Verified Complaint in Condemnation on November 22, 2019 in New Jersey Superior Court, Law Division, Middlesex County.  (*See* Doc. No. 1-2).

already established by the court." (Doc. No. 148 at p. 3 (internal quotation and editing marks omitted)). Judge Arpert further specifically found that the issues had either "been present in this case for years[]" or "could have been anticipated and addressed in SB Building's affirmative report." (Doc. No. 148 at p. 3). The parties thereafter proceeded to expert depositions. (*See* Doc. No. 150).

After multiple adjournments, on February 21, 2024, Judge Arpert conducted a Final Pretrial Conference with the parties and entered the Final Pretrial Order in this matter setting trial to begin on June 3, 2024. (Doc. No. 171 at p. 26). In the Final Pretrial Order, the parties indicated that they intended to move *in limine* for the Court to set a date of valuation and further asserted their respective positions: the Agency sought August 2, 2021, and Defendants sought the "current date." (Doc. No. 171 at pp. 10, 14). In relevant part, the parties also disclosed the experts they intended to call as witnesses, with the admonition in the Final Pretrial Order that "[a]side from those called for impeachment purposes, only those witnesses whose names and addresses are listed below will be permitted to testify at trial[.]" (Doc. No. 171 at p. 14). The Agency identified its expert witnesses, including John Barree (the Agency's planner) and Mark Sussman (the Agency's appraiser), who would testify regarding the Property's highest and best use. (Doc. No. 171 at pp. 15, 17). Defendants' expert witnesses included George Ritter (Defendants' planner) and Christopher Otteau (Defendants' appraiser). (Doc. No. 171 at p. 18). Notably, the Final Pretrial Order advised the parties that "AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED." (Doc. No. 171 at p. 26 (emphasis in original)).

Two days later, on February 23, 2024, the Honorable Robert Kirsch, U.S.D.J., issued a Pretrial Scheduling Order, advising trial would commence on June 3, 2024 and setting deadlines for the filing of motions *in limine*. (Doc. No. 172). In accordance with this schedule, the parties filed cross-motions *in limine* regarding the date of valuation in March 2024. (Doc. Nos. 174, 182). On March 8, 2024, the Agency moved to set the date of valuation as August 2, 2021. (Doc. No. 174). On March 18, 2024, to accommodate the parties' request for additional days for trial—from five days to eight days—the Court moved the trial date to May 29, 2024. (Doc. No. 180). Thereafter, on March 22, 2024, SB Building cross-moved to set the date of valuation as the first day of trial, which was then May 29, 2024. (Doc. No. 182; *see also* Doc. No. 184). SB Building argued that the date of taking "will occur after the jury trial when the condemning authority puts the amount of the jury verdict into court" and noted that "[s]ince that date will not be known until after the trial and because appraisals will be needed to be prepared for trial, the trial date is a reasonable substitute date." (Doc. No. 182-1 at p. 7 and n.7 (citing *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1, 17 (1984))).[3]

On April 12, 2024, Judge Kirsch issued a Memorandum Order fixing the date of valuation for the Property as May 25, 2022. (Doc. No. 187). The following week, the Agency filed a motion for reconsideration of the Court's decision, (Doc. No. 192), which SB Building opposed on April 29, 2024, (Doc. No. 200). In its opposition, SB Building noted that "even to the present day, Plaintiff has not taken the Subject Property, which is why Defendants had argued that the date of taking should be the date of trial." (Doc. No. 200 at p. 3 n.4).

---

[3] As early as August 2021, SB Building argued that the date of valuation was the date of the taking pursuant to *Kirby*. (Doc. No. 59). Significantly, this was <u>before</u> any deadline for SB Building to serve its expert reports.

In April 2024, the parties filed several motions in *in limine* seeking to bar testimony from certain expert witnesses and regarding certain categories of evidence. (*See* Doc. Nos. 188–191). The Court conferred with counsel and scheduled a *Daubert* hearing for May 7 and 8, 2024. (Doc. No. 203). On May 7, 2024, in advance of the first day of the *Daubert* hearings, Judge Kirsch conferred with the parties and accommodated their request to adjourn the trial date from May 29 to September 4, 2024. Further accommodating the parties' schedules and witnesses, the Court heard testimony and arguments over the course of six days as to the motions *in limine*. (*See* Doc. Nos. 204-214, 216). On August 7, 2024, the Court issued an 84-page Opinion addressing the parties' motions *in limine*, granting and denying in part certain motions to limit expert testimony. (Doc. Nos. 218–219).

The day prior, on August 6, 2024, the Court issued a Text Order regarding the pending Motion for Reconsideration of the April 12, 2024 decision setting the date of valuation. (Doc. No. 217). The Court indicated that, during a teleconference with counsel on August 5, 2024, it had advised the parties that it was considering the motion to reconsider and that it "may set the date of valuation as of the first day of the valuation trial set in this matter, September 4, 2024, as originally requested by" SB Building. (Doc. No. 217). The Court instructed the parties to prepare their witnesses for trial in the event the date of valuation was September 4, 2024. (Doc. No. 217). On August 15, 2024, the Agency filed a letter stating its agreement that the date of valuation should be the date of trial, or September 4, 2024. (Doc. No. 221).[4] On August 19, 2024, the parties appeared for a telephone conference before Judge Kirsch, during which the Court instructed SB Building to file a letter on the docket regarding its position as to the setting of the date of valuation.

---

[4] The Agency then filed a second letter agreeing to withdraw its motion for reconsideration in the event the Court set the date of valuation for September 4. (Doc. No. 227).

(Doc. No. 224). SB Building thereafter filed a letter maintaining its position on the appropriate date of valuation as set forth in its earlier cross-motion, (Doc. No. 225), which was the first date of trial, (Doc. No. 182). Also during that August 19, 2024 telephone conference, SB Building indicated that it intended to serve in anticipation of trial supplemental and/or amended expert reports, including for Ritter and Otteau, in light of the Court's *Daubert* rulings in its August 7, 2024 Opinion. Judge Kirsch instructed the parties that any such modifications would require a modification of the Final Pretrial Order and they should seek the appropriate relief. Following that teleconference, the undersigned entered a Text Order that required any motions to modify the February 21, 2024 Final Pretrial Order must be filed by no later than August 22, 2024, with oppositions due by August 26, 2024. (Doc. No. 223).

On August 21, 2024, in light of the parties' agreement that the appropriate date of valuation is the first day of trial, Judge Kirsch set the date of valuation for the Property as September 4, 2024. (Doc. No. 228).

On August 22, 2024, SB Building filed the pending Motion to Modify. (Doc. No. 229). For the first time, SB Building seeks to adjourn the trial date to sometime after November 7, 2024. Through its Motion, SB Building argues that more time is required for its expert appraiser, Otteau, to conduct a fulsome analysis and update his report with the new date of valuation of September 4, 2024. Its counsel certifies that, on August 6, 2024, he instructed Otteau to begin working on an updated report with the new date of valuation. (Doc. No. 229-2 ¶¶ 8–9). He further certifies that, on August 21, 2024, he advised Otteau of the Court's order modifying the valuation date. (Doc. No. 229-2 ¶¶ 12–14). Appended to counsel's certification is an August 22, 2024 letter from Otteau, in which the appraiser asserts that he "cannot complete [a 2024 updated] appraisal prior to the September 4, 2024 trial date." (Ex. A to Doc. No. 229-2 at p. 2). Otteau writes that he will

require 90 days to update his appraisal, and requests a deadline of November 7, 2024 to do so. (Ex. A to Doc. No. 229-2 at p. 2).[5]

In its brief, SB Building points out that the Court's August 2024 decision changing the date of valuation from May 2022 to September 4, 2024 effected a change of more than two years. (Doc. No. 229 at p. 2). SB Building cites several New Jersey Superior Court cases regarding the importance of setting the correct date of valuation to ensure that a condemnee receives "just compensation" for taken property. (Doc. No. 229 at pp. 2-3). Relying on these cases and Otteau's unsworn letter, SB Building argues that refusing to adjourn the trial date would prevent SB Building from updating its expert reports for new valuation date, which would in turn "essentially prevent [them] from offering evidence in support of their case for the constitutionally required just compensation . . . ." (Doc. No. 229-1 at p. 4). SB Building requests an appropriate amount of time to update their expert reports in light of the September 2024 date of valuation, specifically adjournment of the September 4, 2024 trial date "to a date no earlier than November 7, 2024," (Doc. No. 229 at p. 2).[6]

The Agency opposes Plaintiff's Motion. (Doc. No. 230). First, the Agency cites the well-established principle that a trial court exercises wide discretion to deny a request to adjourn a scheduled trial. (Doc. No. 230 at pp. 7-8). The Agency notes that its experts, including its

---

[5] Otteau explains that appraising the Property as of September 2024 is a "time consuming" process that requires conducting "additional research concerning comparable sales transactions, lease transactions, expense research, and capitalization rate transactions and data" and accounting for "changes in various sectors of the real estate market" between May 2022 and September 2024. (Ex. A to Doc. No. 229-2).

[6] SB Building's Notice of Motion states that it seeks an Order modifying the Final Pretrial Order "to permit additional expert report(s), and [to] postpon[e] the upcoming trial . . . ." (Doc. No. 229 at p. 2). SB Building's submissions in support of the Motion reference modification of its expert reports to consider the valuation date of September 4, 2024; it does not offer any explanation for the need to serve "additional" reports.

appraisal expert, will have finished supplementing their reports to reflect the September 2024 date of valuation date by the start of trial, evidencing that the parties have had sufficient time to amend their reports. (Doc. No. 230 at pp. 4–5). Further, the Agency contends that SB Building fails to comply with Local Civil Rule 6.1(c) by proffering Otteau's unsubstantiated letter without appropriate affidavit or declaration. The Agency argues that the Motion to Modify should be denied because it reflects the continued "gamesmanship" by SB Building's principal, (Doc. No. 230 at pp. 10–11), which this Court recognized in its August 7, 2024 Opinion on the Motions *in Limine*.

Separately, the Agency opposes any attempt by SB Building to amend its experts' reports prior to trial for any purpose other than to account for the September 2024 date of valuation. The Agency points out that SB Building's pre-trial witness list identifies that Otteau and Ritter will testify in accordance with "revised report[s] issued in conformance with the Court's order and opinion, in limine, dated August 7, 2024." (*See* Doc. No. 226-5 at pp. 4–5). The Agency posits that permitting SB Building to supplement its experts' reports "at the eleventh hour" would require "a new round of rebuttal reports, Daubert motions, and evidentiary hearings." (Doc. No. 230 at p. 17). According to the Agency, Judge Kirsch's August 7, 2024 Opinion "made detailed findings which preclude SB Building from attempting to remedy the deficiencies in its expert reports through the expedient of issuing amended reports." (Doc. No. 230 at pp. 14–16 (citing Doc. No. 218 at p. 45 n.26)). The Agency concludes that amendment now is unnecessary to prevent manifest injustice and would violate the rules governing entry of the final pretrial order and the disclosure

and amendment of expert reports.  (Doc. No. 230 at pp. 12–14 (discussing Fed. R. Civ. P. 16(e), 26(e), 37(c))).[7]

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 16(e) makes clear that once a court enters an order following a final pretrial conference, modifications may be made "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  In evaluating manifest injustice, the Court considers whether amendment would cause "prejudice or surprise" to the non-movant, whether the movant can "cure the prejudice," whether amendment would cause "disruption to the orderly and efficient trial of the case," and whether there is any sign of "bad faith or willfulness of [] non-compliance" by the movant. *Jacob v. Nat'l R.R. Passenger Corp.*, 63 F. App'x 610, 612 (3d Cir. 2003) (quoting *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227, 1236 (3d Cir. 1994)).  Whether to permit change to the final pretrial order "is within the discretion of the trial judge" and only reversible for a "a clear abuse of discretion." *Scott v. Vantage Corp.*, 845 F. App'x 170, 180 (3d Cir. 2021) (quoting *Ely v. Reading Co.*, 424 F.2d 758, 763–64 (3d Cir. 1970)).

In addition, a trial court exercises discretion in determining whether to adjourn a trial and such determination "will not be disturbed unless a clear abuse of discretion has been shown." *Woodham v. Sayre Borough Police Dep't*, 191 F. App'x 111, 116 (3d Cir. 2006) (citing *Fontana v. United Bonding Ins. Co.*, 468 F.2d 168, 169–70 (3d Cir. 1972)).  Indeed, the court has "wide latitude in arranging [its] schedule." *United State v. Gomez*, 772 F. App'x 15, 20 (3d Cir. 2019) (continuance of hearing regarding revocation of supervised release) (quoting *Gov't of V.I. v. Charleswell*, 115 F.3d 171, 388 (3d Cir. 1997)).  The Third Circuit Court of Appeals routinely

---

[7]   The Sass Defendants and the United States each submitted a one-page letter joining SB Building's request to postpone trial by at least two months.  (Doc. Nos. 231, 232).

affirms trial courts' decisions refusing to adjourn a trial date. *See, e.g., Sheehan v. Del. & Hudson Ry. Co.*, 439 F. App'x 130, 134 (3d Cir. 2011) (affirming district court's decision to not *sua sponte* adjourn trial because the court "thoroughly considered the prejudice to both parties and decided to proceed with the trial"); *Admark Jewelry Corp. v. United Parcel Serv.*, 31 F. App'x 62, 63 (3d Cir. 2002).

Moreover, under the local rules of this District, "[a] motion to postpone or continue a trial on the grounds of absence of a witness or evidence shall be made upon affidavit or other document complying with 28 U.S.C. § 1746 showing the nature and materiality of the expected testimony or evidence, and that diligent effort has been made to secure the witness or evidence." L. Civ. R. 6.1(c). Section 1746, which defines the equivalent of a sworn affidavit, provides that this showing can be met by "the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury" and comports with specific statutory language. 28 U.S.C. § 1746; *see also Parkell v. Danberg*, 833 F.3d 313, 320 (3d Cir. 2016) (document that confirms to 28 U.S.C. § 1746's requirement is "equivalent to statements in an affidavit").

## III.   DISCUSSION

As a threshold matter, SB Building's Motion fails to offer any support or justification to amend the Final Pretrial Order for any other reason than to adjourn the trial date to permit its experts to modify their reports based on the date of the valuation. To the extent SB Building seeks any relief beyond that, the Court denies such relief for failing to fully raise the issue and make the appropriate showing that a manifest injustice would ensue.

The Court thus considers only what SB Building has presented in its Motion:  its request to modify the Final Pretrial Order, entered over six months ago, to adjourn the trial date (again) by

months to an unknown date after November 7, 2024 and to permit its experts to modify their reports to address a valuation date for which it has advocated for years in this matter. To grant such relief, the Court must find that SB Building has shown that failure to grant such relief would result in manifest injustice or that the Court should exercise its discretion to adjourn the trial date based on the circumstances presented.

Through its Motion, SB Building—without referencing the manifest injustice standard or even Federal Rule of Civil Procedure 16—contends that, to protect its constitutional rights at stake in this matter, it needs more time for its experts to value the property as of September 2024. Indeed, the Court is cognizant of the constitutional rights at stake here and, accordingly, has provided the parties ample time to conduct discovery, resolved voluminous and numerous motions, and moved the trial date twice to accommodate the parties and their counsel. While SB Building may feign surprise and prejudice that the Court would accept its argument that the date of valuation is the date of trial, any such prejudice would be of its own making.

Indeed, in March 2024, SB Building argued in its cross-motion to set the date of valuation that the appropriate date is the first day of trial and noted that such a date was reasonable to permit a party to prepare appraisals for trial. (Doc. No. 182-1 at p. 7 and n.7). As of the filing of that cross-motion, SB Building was aware of a trial date of May 29, 2024. One would have expected SB Building to have prepared its experts for a trial date at least in 2024 before asking the Court to enter such a date of valuation. Yet, it appears SB Building chose not to do so. This is not the first time the Court has noted that SB Building has failed to have its experts consider issues already in dispute or reasonably anticipated, notwithstanding SB Building's depth of litigation experience. (*See* Doc. No. 148 at p. 3; Doc. No. 218 at p. 45 n.26).

Moreover, the Court's recent modification of the date of valuation based on the parties' consent was not without notice. SB Building was aware that the Court may reconsider its ruling on the date of valuation as early as August 5, 2024, during the teleconference with the Court. Following that teleconference, the Court entered its August 6, 2024 Text Order advising the parties to prepare for the valuation date to be set as the date of trial, conducted another teleconference on August 19, 2024 with the parties, and permitted SB Building the opportunity to file a letter regarding its position as to the valuation date. Notwithstanding those opportunities to raise objections or issues with the Court as to the modification of the valuation date, SB Building waited until August 22, 2024, two weeks before the start of trial, to contend it lacked sufficient time to prepare its witnesses if the Court were to adopt the view on the date of valuation that SB Building has advocated for in this matter for years.

Considering the specific context and procedural history of this matter, SB Building simply has not shown that manifest injustice would ensue if the Court does not modify the Final Pretrial Order to adjourn the trial date and permit SB Building time to prepare its experts on an issue that it has been well-aware. *See* Fed. R. Civ. P. 16(e); *Jacob*, 63 F. App'x at 612 (recognizing the Court is to consider indications of willful non-compliance). Permitting such modification would no doubt prejudice the Agency and disrupt an orderly and efficient trial here as it would likely result in a whole new round of rebuttal expert reports, expert depositions, and perhaps further *Daubert* motion practice.[8] *See id.* Further delaying resolution of this matter, especially where there are constitutional rights at stake, would not promote a "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1.

---

[8] It is unclear from SB Building's Motion whether it would seek to modify the date of valuation to whatever the new adjourned start date of trial would be if its request were granted, further complicating an already tortured procedural history.

SB Building has not proffered sufficient justification for the Court to exercise its discretion to adjourn the trial date again. "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsel against continuances except for compelling reasons." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). For the reasons set forth above, SB Building has not shown compelling reasons to support an adjournment of this trial. Ultimately, balancing the equities and burdens in light of the context and the procedural history regarding the valuation date weighs against any further adjournments of the trial date. The Court therefore declines to exercise its discretion to adjourn the trial date again.[9]

## IV.   CONCLUSION

Therefore, for the reasons set forth above, and for good cause shown,

**IT IS** on this **28th** day of **August, 2024** hereby

**ORDERED** that SB Building's Motion to Modify the Final Pretrial Order and to Postpone Trial, (Doc. No. 229), is **DENIED**; and it is further

**ORDERED** that trial will commence as scheduled on September 4, 2024; and it is further

**ORDERED** that the Clerk's Office **TERMINATE** the motion pending at Doc. No. 229.

**SO ORDERED**.

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

---

[9] The Court similarly denies SB Building's request for failure to comply with Local Civil Rule 6.1(c).